# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| AUSTIN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | Removed from Coffee County Circuit |
| LIVE NATION WORLDWIDE, INC., ) | Court, Case No. 2023-CV-48911 |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant Live Nation Worldwide, Inc. ("Live Nation"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this matter from the Circuit Court for Coffee County, Tennessee at Manchester to the United States District Court for the Eastern District of Tennessee, Winchester Division. As grounds for removal, Live Nation states as follows:

1. On June 20, 2023, Plaintiff Austin Smith ("Plaintiff") filed a Complaint in the Circuit Court for Coffee County, Tennessee styled *Austin Smith v. Live Nation Worldwide, Inc.*, Case No. 2023-CV-48911, alleging negligence on behalf of Live Nation arising from the Bonnaroo Arts & Music Festival (hereinafter the "State Court Action").

2. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders in this action are attached hereto as **Exhibit A**.

3. This removal is timely under 28 U.S.C. § 1446(b) because Live Nation was served with a copy of the Complaint and Summons on June 29, 2023, and this notice of removal is being filed within 30 days of that date.

4. This action is properly removable under 28 U.S.C. § 1332 because this is a civil action between parties whose citizenship is diverse, and the amount in controversy exceeds $75,000.00.

## DIVERSITY AMONG THE PARTIES

5. Plaintiff Austin Smith is the sole plaintiff in the State Court Action. He is a citizen and resident of the State of Florida. **Ex. A**, Compl., ¶ 1.

6. Defendant Live Nation is a corporation. For jurisdictional purposes, a corporation is deemed to be a citizen of its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Live Nation is incorporated in the State of Delaware, and its principal place of business is in the State of California. **Ex. A**, Compl., ¶ 2. Live Nation is therefore a citizen of Delaware and California for jurisdictional purposes.

7. Complete diversity therefore exists between Plaintiff, on the one hand, and Live Nation, on the other, in accordance with 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

8. The State Court Action requests a judgment against Live Nation "in a reasonable amount no greater than **$750,000.00**." *See* **Ex. A**, Compl., Prayer for Relief, ¶ 2 (emphasis in original).

9. A removing party seeking to invoke diversity jurisdiction to remove a case from state to federal court "need only show that damages are 'more likely than not' to exceed the jurisdictional threshold at the time of removal." *PAG Ents., LLC v. Se. Petro Dists., Inc.*, No. 4:09-CV-88, 2009 WL 3617684, at *1 (E.D. Tenn. Oct. 29, 2009) (*Smith v. Nationwide Prop. and Casualty Ins. Co.*, 505 F.3d 401 (6th Cir. 2007) (stating the "more likely than not" standard)). In assessing whether the removing party has satisfied this burden, a court "should exercise its

common sense." *Graham v. Champion Int'l Corp.*, No. 2:97-CV-83, 1997 WL 33487768, at *3 (E.D. Tenn. May 16, 1997).

10. Live Nation maintains a good faith belief that the amount in controversy "more likely than not" exceeds $75,000.00. *See id.* "Common sense" dictates that where Plaintiff seeks a judgment "in a reasonable amount no greater than **$750,000.00**," *See* Compl., Prayer for Relief, ¶ 2 (emphasis in original), a jurisdictional threshold ten times less that ($75,000.00) is satisfied. This is especially true in Tennessee where a party can recover an amount that exceeds the amount prayed for in its pleadings. *See* Tenn. R. Civ. P. 54.03.

11. Accordingly, the requisite amount in controversy for federal diversity jurisdiction is satisfied.

## PROPER COURT FOR REMOVAL

12. The United States District Court for the Eastern District of Tennessee, Winchester Division, is the appropriate court for filing a notice of removal from the Circuit Court for Coffee County, Tennessee. *See* 28 U.S.C. § 123(4). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Live Nation respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for Coffee County, Tennessee United States District Court for the Eastern District of Tennessee, Winchester Division.

Respectfully submitted,

*s/ Russell B. Morgan*
Russell B. Morgan (Bar No. 20218)
BRADLEY ARANT BOULT CUMMINGS, LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-2311
rmorgan@bradley.com

*Attorney for Live Nation Worldwide, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being forwarded via email and U.S. mail, postage prepaid, to:

Ali Toll
Virginia King
The Toll Firm, P.C.
116 East Cedar Street
Goodlettsville, TN 37072
ali@tollfirm.com

*Attorneys for Plaintiff*

on July 17, 2023.

*s/ Russell B. Morgan*
Russell B. Morgan